UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

James Domah,

        Plaintiff,                          **Case No. 18-cv-1231 (JNE/SER)**

v.

                                      **REPORT AND RECOMMENDATION**

United States Postal Service,

        Defendant.

STEVEN E. RAU, United States Magistrate Judge

        This case comes before the Court on Defendant United States Postal Service's ("USPS") Motion to Dismiss [Doc. No. 9]. This matter has been referred for the resolution of pretrial matters pursuant to 28 U.S.C. § 636(b)(1) and District of Minnesota Local Rule 72.1. (Order of Reference) [Doc. No. 17]. For the reasons stated below, the Court recommends granting the motion and dismissing this case.

**I.    BACKGROUND**

        Plaintiff James Domah ("Domah") initiated this lawsuit on March 21, 2018, in state conciliation court in Anoka County, Minnesota. (Statement of Claim & Summons, "Compl.," Ex. A., Attached to Notice of Removal) [Doc. No. 1-1]. Domah alleges that USPS failed to timely deliver to him an overnight package from the Nigerian Embassy in New York that contained passports with visas to travel to Nigeria. *See* (*id.* at 1). Domah claims USPS is liable to him for $3,632.11 because, as a result of not receiving the package in time, he had to cancel travel plans. (*Id.*).

        On May 3, 2018, USPS removed the case to federal court. (Notice of Removal of Action to Fed. Ct.) [Doc. No. 1]. USPS now moves to dismiss, arguing the Court lacks subject matter

jurisdiction, Domah did not exhaust his administrative remedies, and Domah failed to state a claim upon which relief can be granted. *See* (Mem. in Supp. of Def.'s Mot. to Dismiss, "Mem. in Supp.") [Doc. No. 12]. The Court entered a briefing schedule and Domah did not respond. *See* (Order Dated June 15, 2018) [Doc. No. 19]. At USPS's request—and because Domah did not respond to the Motion to Dismiss—the Court cancelled the hearing. *See* (Reply Mem. in Supp. of Mot. to Dismiss) [Doc. No. 20]; (Text Only Order Dated Aug. 17, 2018) [Doc. No. 21]; *see also* Local Rule 7.1(g)(1) ("If a party fails to timely file and serve a memorandum of law, the court may . . . cancel the hearing and consider the matter submitted without oral argument.").

## II.   DISCUSSION

The Court concludes that it lacks subject matter jurisdiction because lost mail is not a cognizable claim under the Federal Torts Claim Act ("FTCA"). Therefore, the Court does not address USPS's alternative arguments that Domah failed to exhaust his administrative remedies or failed to state a claim upon which relief can be granted. *See* (Mem. in Supp. at 8–9). In other words, because the Court lacks subject matter jurisdiction, the status of Domah's administrative remedies and whether he failed to state a claim upon which relief can be granted are immaterial.

### A.   Legal Standard

"A motion to dismiss pursuant to Rule 12(b)(1) challenges the Court's subject matter jurisdiction and requires the Court to examine whether it has authority to decide the claims." *Damon v. Groteboer*, 937 F. Supp. 2d 1048, 1063 (D. Minn. 2013) (Tunheim, J.). "In order to properly dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the complaint must be successfully challenged on its face or on the factual truthfulness of its averments." *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993). "In a facial challenge to jurisdiction, all of the factual allegations

concerning jurisdiction are presumed to be true and the motion is successful if the plaintiff fails to allege an element necessary for subject matter jurisdiction."[1] *Id.*

The federal government and its agencies enjoy sovereign immunity—and therefore cannot be sued—unless the immunity is waived. *FDIC v. Meyer*, 510 U.S. 471, 475 (1994); *see also Dolan v. U.S. Postal Serv.*, 546 U.S. 481, 484 (2006) ("[T]he Postal Service enjoys federal sovereign immunity absent a waiver."). The FTCA "waived the sovereign immunity of the United States for certain torts committed by federal employees." *FDIC*, 510 U.S. at 475. Specifically, the FTCA permits a civil action against the United States for money damages when the claimant suffers

> injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1). Another statute, however, lists fourteen exemptions from the FTCA. § 2680. Included among these exceptions is "[a]ny claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." § 2680(b).

**B.   Analysis**

Here, Domah alleges that the USPS failed to deliver a package that was sent via overnight mail. *See* (Compl. at 1). Domah's claim arises out of the loss of postal matter as described in § 2680(b). This means that Domah cannot allege a claim under the FTCA for his lost package and sovereign immunity for the federal government is not waived for Domah's claim. *See FDIC*, 510 U.S. at 475. Therefore, the Court lacks subject matter jurisdiction and this case must be dismissed. *See id.*

---

[1] The Court views USPS's jurisdictional argument as a facial challenge.

## III.   RECOMMENDATION

Based on all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Defendant United States Postal Service's Motion to Dismiss [Doc. No. 9] be **GRANTED** and this case be **DISMISSED without prejudice.**

Dated: September 5, 2018

*s/Steven E. Rau*
STEVEN E. RAU
United States Magistrate Judge

### Notice

Filing Objections: This Report and Recommendation is not an order or judgment of the District Court and is therefore, not appealable directly to the Eighth Circuit Court of Appeals.

Under D. Minn. LR 72.2(b)(1) "a party may file and serve specific written objections to a magistrate judge's proposed findings and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).